MEMORANDUM *
Plaintiff Lupe C. Hernandez appeals from the district court’s order remanding her claim for disability benefits to the administrative law judge (“ALJ”). On de novo review, Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir.2005), we vacate and remand.
Standards for evaluating a disability claim are set forth at 20 C.F.R. § 404.1520, which prescribes a sequential evaluation process for disability claims. A finding of “disabled” or “not disabled” at any point in the review process is conclusive and terminates the analysis. Id. § 404.1520(a)(4). Here, the district court addressed only an issue arising at the fifth step of the analysis, even though Plaintiff had argued in her motion for summary judgment — albeit not extensively — that the evidence showed her to be disabled at the third step. The district court abused its discretion by remanding her claim for further proceedings after considering only a step-five error. If Plaintiffs arguments at step three were persuasive, there would be no need to reach step five, or a remand might address step three. We therefore vacate the district court’s order and remand to the district court for sequential consideration of the alleged errors.
The dissent asserts that no record evidence supports the proposition that Plaintiff manifested onset of her mental impairment before age 22. (Diss. at 6.) We read the record differently. Evidence from the developmental period is not required in order to establish that the impairment began before the end of the developmental period; rather, the agency may use its judgment when current evidence allows it to infer when the impairment began. Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed.Reg. 50746-01, 50753 (Aug. 21, 2000) (interpreting Listing 12.05). In other words, mental retardation could be *701 found at step three if the evidence suggests an early onset of low mental functioning, even if no one tested Plaintiffs intelligence until adulthood. There is evidence from which an ALJ could conclude that Plaintiff met the requirements of Listing 12.05. For example, she repeated fourth grade, received poor grades in school, and did not attend high school. The agency’s medical consultant testified that there was no evidence that Plaintiffs cognitive functioning had deteriorated over time. A person with an IQ of 64 is considered mentally retarded under Listing 12.05(C) if she also has a physical or other mental impairment imposing an additional and significant work-related limitation of function. An ALJ could conclude that the physical limitations found here constituted such a significant work-related limitation of function. Therefore, this record does not permit a conclusion that Plaintiffs claim fails at step three as a matter of law.
After proper review of a claim, a district court does not abuse its discretion by remanding for further proceedings if outstanding issues remain to be resolved by the ALJ. Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir.2009). Accordingly, on remand, if the district court determines that the ALJ did not err at the third step, nor in assessing Plaintiffs residual functional capacity, it may remand for the ALJ to reconcile the conflict between the vocational expert’s testimony and the Dictionary of Occupational Titles’ statement that certain jobs required physical abilities beyond Plaintiffs residual functional capacity. If the district court determines that the ALJ erred at the third step, it may remand on that issue as well.
VACATED and REMANDED. Costs on appeal awarded to Plaintiff-Appellant.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.